O. O. FULLERTON, Appellee, v. JOSEPH HUGHES, Appellee,
ANNIE HUGHES, Appellant.

Forcible entry and detainer: EQUITABLE DEFENSES: PLEADING. Where
the answer in an action of forcible entry and detainer presents
no equitable issue, but simply asks a dismissal of the case, the
court will not consider a claim that plaintiff holds the property
in trust.

*Appeal from Washington District Court.*—HON. W. G.
CLEMENTS, Judge.

TUESDAY, FEBRUARY 14, 1911.

THE opinion on rehearing states the case.—*Affirmed.*

*P. J. Hanley,* for appellant.

*Charles A. Dewey,* for appellee.

WEAVER, J.—Action of forcible entry and detainer.
Judgment for plaintiff for possession of a small tract of
land, and the defendant Annie Hughes appeals.

It appears without dispute that the record title to the
land is in the plaintiff, and to have been derived from one
Orris, who is conceded to have been a former owner. Or-
ris conveyed by warranty deed to one C. B. Hughes, who
in turn conveyed by warranty deed to plaintiff, who leased
the land to appellant's husband, Joseph Hughes. At the
expiration of the lease, the wife refusing to vacate the
property, this action was begun against her and her hus-
band on the charge that they were holding over after the
termination of their rightful tenancy. The husband does

not contest the plaintiff's right to the possession; but the appellant avers that the property is her homestead, which she has never relinquished. It is her theory and claim that the deed to C. B. Hughes was in trust for the benefit of her husband, and that while the title thus stood she and her family moved upon the land and made use of it as a homestead, which they have ever since maintained, and on this ground she denies the plaintiff's right to oust her from the possession. She tenders no equitable issue, and asks no equitable relief. C. B. Hughes is not made a party to the proceeding, nor was he used as a witness on the trial. Under this state of the record, we think there is no occasion for us to consider or decide whether the husband, by taking title to his homestead in a trustee, can avoid the effect of the statute, which makes invalid any conveyance thereof not jointly executed by both husband and wife.

The action is one of forcible entry and detainer, and, while triable in the district court as an action in equity, there is, as we have seen, no tender of an equitable issue by the appellant, nor does she ask any equitable relief. The only prayer of the answer is for a dismissal of the case. In such a proceeding, and upon such an issue, we can not undertake to set aside the conveyance from Orris to C. B. Hughes, or the conveyance from C. B. Hughes to plaintiff, or to declare said conveyances, which are apparently regular and absolute in form, to have been made and delivered in trust only—and this conclusion is especially appropriate in view of the fact that the alleged trustee, C. B. Hughes, is not in court and can not be bound by any judgment rendered herein. The proceedings in the trial court appear to have been regular, and the judgment is fairly supported by the record, and we discover nothing to justify us in ordering its reversal.

Two motions to dismiss the appeal have been pressed upon our attention in elaborate arguments. Neither is well taken, and they are overruled.

The judgment appealed from will be affirmed, and the costs of this court will be taxed to the appellant, except the cost of sixteen pages of printing of matter relative to the motions to dismiss, which will be taxed to appellee. *Affirmed.*